[Cite as *Fusco v. Fusco*, 2026-Ohio-2775.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CASSANDRA FUSCO, | **CASE NO. 2025-T-0073** |
| Plaintiff-Appellant/<br>Cross-Appellee, | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| WILLIAM FUSCO, et al. | Trial Court No. 2025 CV 00284 |
| Defendant-Appellee/<br>Cross-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Affirmed in part, reversed in part; remanded

*James N. Melfi*, Betras Kopp, L.L.C., 6630 Seville Drive, Canfield, OH 44406 (For Plaintiff-Appellant/Cross-Appellee).

*William R. Biviano*, Biviano Law Firm, 108 Main Avenue, S.W., Suite 700, Warren, OH 44481 (For Defendant-Appellee/Cross-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant/Cross-Appellee, Cassandra Fusco ("Cassandra"), appeals the judgment of the Trumbull County Court of Common Pleas granting the Civ.R. 12(B)(1) motion to dismiss filed by her former spouse, Appellee/Cross-Appellant, William Fusco ("William"), and dismissing her civil complaint for lack of subject matter jurisdiction.

{¶2} Cassandra raises a single assignment of error, arguing that the trial court erred by granting William's Civ.R. 12(B)(1) motion to dismiss. Having reviewed the record and the applicable law, we find Cassandra's sole assignment of error to be without merit.

The trial court did not err in granting William's Civ.R. 12(B)(1) motion. Cassandra's civil complaint asserting fraud claims against William constituted an impermissible collateral attack on a foreign judgment, i.e., the parties' Florida judgment of dissolution.

{¶3} William cross-appeals the trial court's judgment denying his motion for sanctions against Cassandra for filing an allegedly frivolous complaint. William raises a single cross-assignment of error, arguing that the trial court erred in failing to grant sanctions. We sustain William's sole cross-assignment of error. The trial court abused its discretion by denying William's motion in a single-line judgment entry without holding a hearing. Based on the record before us, the trial court should have at least held a hearing on William's motion.

{¶4} Therefore, we affirm the trial court's judgment dismissing Cassandra's complaint, reverse the trial court's judgment denying William's motion for sanctions, and remand this matter for further proceedings.

### Substantive and Procedural History

{¶5} On January 28, 2025, Cassandra filed a civil complaint against William and others in the Trumbull County Court of Common Pleas.[1] Her allegations are summarized as follows:

- At all relevant times, Cassandra resided in Mahoning County, Ohio, and William resided in Broward County, Florida. In 2005, William and another individual founded BRT Extrusions, Inc. ("BRT"), an Ohio corporation engaged in aluminum

---

1. Cassandra's complaint also named BRT Extrusions, Inc. and John/Jane Doe Nos. 1-10 as defendants. On May 2, 2025, Cassandra voluntarily dismissed BRT as a party as well as count 2 of her complaint (civil conspiracy).

Case No. 2025-T-0073

extrusions with a principal place of business in Niles, Ohio.  William was also shareholder and/or corporate officer of BRT.

- In 2010, Cassandra and William got married in Youngstown, Ohio.

- In January 2020, William verbally informed Cassandra that BRT was going to be sold, and he shared with her an agreement reflecting the sale.  In May 2020, William verbally told Cassandra that the sale of BRT was not going forward.

- In July 2020. William informed Cassandra that he intended to divorce her. From July through August 2020, William represented to Cassandra that he was not selling his ownership interest in BRT.  Based on those representations, Cassandra entered into a marital settlement agreement with William on September 28, 2020.

- On October 12, 2020, William filed a complaint for dissolution in Broward County, Florida, captioned as *William Fuscso, Petitioner v. Cassandra Fusco, Respondent*.  On November 5, 2020, the Florida court granted the petition for dissolution.

- On January 29, 2021, William sent Cassandra a text message stating, "Just wanted you to be aware that we closed on the company this afternoon."  That day, a press release announced that two private equity firms had acquired BRT.

- According to Cassandra, William's prior communication demonstrates that he and BRT sought to dissolve the marriage prior to closing the sale of BRT to avoid issues with the transaction, including delays due to a pending domestic proceeding.  She further alleged that William and others acted "knowingly and willfully with the understanding that [she] would suffer significant financial harm as a result of their actions."

Case No. 2025-T-0073

{¶6} Cassandra's complaint asserted three claims for relief: fraud and fraudulent inducement (count 1); civil conspiracy (count 2); and negligent misrepresentation (count 3). She requested compensatory and punitive damages, interest, and attorney's fees.

{¶7} On March 7, 2025, William filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. William argued that Cassandra "intentionally or negligently" failed to inform the trial court about the parties' prenuptial agreement entered into in September 2010 that listed William's interest in BRT as his separate property. He also argued that Cassandra's complaint improperly attempted to collaterally attack the amended final judgment of dissolution of marriage filed on November 5, 2020, in the Circuit Court of the 17th Judicial Circuit for Broward County, Florida, case no. FMCE20010409 ("the Florida judgment"). Attached to William's motion were copies of the Florida judgment, the prenuptial agreement and its exhibits, and the marital settlement agreement. Within his motion, William requested sanctions against Cassandra and/or her counsel for Cassandra's "intentional, willful or grossly neglectful failure to disclose the existence of the valid Prenuptial Agreement which [Cassandra] voluntarily executed while represented by counsel."

{¶8} On March 13, 2025, William filed a memorandum in support of sanctions. He argued that Cassandra and her counsel violated R.C. 2323.51 and Civ.R. 11 and requested a hearing.

{¶9} On March 17, 2025, William filed an answer.

{¶10} On April 16, 2025, Cassandra filed a motion to convert William's Civ.R. 12(B)(6) motion into one for summary judgment. She also requested a continuance for

discovery pursuant to Civ.R. 56(F) and an extension of time to respond to William's motion for sanctions.

{¶11} On April 21, 2025, William filed a brief in opposition to Cassandra's motion to convert.

{¶12} On May 15, 2025, the trial court granted Cassandra's motion to convert.

{¶13} On June 5, 2025, William filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction.

{¶14} On June 18, 2025, the trial court filed a case management schedule. On the same date, William filed another motion for sanctions.

{¶15} On June 20, 2025, William filed an amended motion for sanctions.

{¶16} On July 9, 2025, Cassandra filed a motion for leave to file her response to William's Civ.R. 12(B)(1) motion instanter, attaching her response as an exhibit.

{¶17} On July 14, 2025, the trial court granted Cassandra's motion for leave.

{¶18} On July 16, 2025, William filed a reply in support of his Civ.R. 12(B)(1) motion.

{¶19} On September 16, 2025, the trial court filed a judgment entry granting William's Civ.R. 12(B)(1) motion. The trial court reasoned that Cassandra was "asking the Court to essentially re-open the divorce, re-examine the separation of property, and find that [Cassandra] is entitled to shares from the sale of [William's] company." According to the trial court, the "appropriate remedy for [Cassandra] was by way of 60(B) motion in Florida . . . ."

{¶20} On September 18, 2025, William filed a renewed, amended motion for sanctions and requested a hearing.

Case No. 2025-T-0073

{¶21} On October 3, 2025, Cassandra filed a brief in opposition to William's renewed, amended motion.

{¶22} On October 6, 2025, the trial court filed a single-line judgment entry denying William's motion without reasoning.

{¶23} On October 15, 2025, Cassandra timely appealed the trial court's judgment entry dismissing her complaint. She raises a single assignment of error.

{¶24} On October 29, 2025, William timely cross-appealed the trial court's judgment entry denying his motion for sanctions. He raises a single cross-assignment of error.

## Motion to Dismiss

{¶25} Cassandra raises the following assignment of error: "The trial court erred in granting William Fusco's Motion to Dismiss pursuant to 12(B)(1)."

{¶26} We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Jones v. Ohio Edison Co.*, 2014-Ohio-5466, ¶ 7 (11th Dist.). The relevant inquiry is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶27} As an initial matter, Cassandara argues that Florida law applies to her Ohio claims pursuant to paragraph 24 of the parties' marital settlement agreement, which provides:

> This Agreement has been entered into in the State of Florida and it is the intention of the parties that all questions as to performance, interpretation, validity and legal effect of this Agreement shall be determined exclusively in accordance with the laws of the State of Florida, regardless of any change of residence of either of the parties that may occur hereafter.

{¶28} Cassandra's choice-of-law argument is perplexing since she simultaneously argues that her Ohio complaint does not seek to enforce or modify the marital settlement agreement. As explained below, Cassandra's choice-of-law argument also lacks merit.

{¶29} "Choice of law . . . is an inquiry into which state's law should govern an analysis of the merits of the case." *Stocklas v. Erie Ins. Group*, 1997 WL 665980, *3 (11th Dist. Oct. 10, 1997). By contrast, "subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 2020-Ohio-2913, ¶ 23. A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *Id*. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id*. Thus, this Court has held that "[w]hen determining whether a court has subject matter jurisdiction, a court does not determine which forum should hear and decide the case or which state's legal principles should govern the outcome." *Stocklas* at *2.

{¶30} In addition, "[a] predicate to invoking choice of law principles is that the laws of different states conflict; if there is no conflict, the law of the forum state controls." *Id.*

Case No. 2025-T-0073

at *3. Cassandra does not purport to show any conflict between Ohio and Florida law; therefore, choice-of-law principles are not implicated. *See id*.

{¶31} Cassandara next argues that contrary to the trial court's determination, the collateral attack doctrine did not bar her Ohio complaint. She argues that her Ohio complaint asserted torts claims for monetary damages and did not seek "the enforcement, clarification, or modification" of the marital settlement agreement. She further argues that her Ohio claims were not within the Florida court's continuing or exclusive jurisdiction.

{¶32} The Supreme Court of Ohio has defined a collateral attack as "'[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 17, quoting *Black's Law Dictionary* (8th Ed. 2004). Stated differently, it is "'an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved.'" *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision*, 1999-Ohio-323, ¶ 13, quoting *Kingsborough v. Tousley*, 56 Ohio St. 450, 458 (1897).

{¶33} We find that Cassandra's Ohio complaint was a collateral attack on the Florida judgment. A copy of the Florida judgment is part of the record before us. Therein, the Florida court ratified, adopted, and incorporated by reference the parties' marital settlement agreement, found it to be "fair, just and reasonable," and found it "was entered freely and voluntarily by the parties." The Florida judgment expressly provided that the marital settlement agreement was not merged therein "but shall survive same and the parties are directed to comply with all of its provisions as well as" the judgment.

Case No. 2025-T-0073

{¶34} Meanwhile, Cassandra's Ohio complaint alleged that the marital settlement agreement was procured by William's fraud. In effect, she asserted that the financial terms of the Florida judgment and the marital settlement agreement were not controlling. In other words, Cassandra's Ohio complaint sought to undermine the Florida judgment, which meets the definition of a collateral attack. *See Ohio Pyro* at ¶ 17.

{¶35} We also find that Ohio law precluded Cassandra's collateral attack. The Supreme Court of Ohio has explained that its jurisprudence recognizes "a firm and longstanding principle that final judgments are meant to be just that—final." *Id.* at ¶ 22. Therefore, "collateral or indirect attacks are disfavored" and "will succeed only in certain very limited situations." *Id*.

{¶36} This case does not present one of those limited situations. The Florida judgment implicates the Full Faith and Credit Clause of the United States Constitution. "The doctrine of full faith and credit requires that the [S]tate of Ohio give to those acts, records, and judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." *Holzemer v. Urbanski*, 1999-Ohio-91, syllabus; *see* United States Constitution, Article IV, Section 1; R.C. 2329.021 ("foreign judgment means "any judgment, decree, or order . . . of any court of another state . . . that is entitled to full faith and credit in this state"). Whether to give full faith and credit to another state's court judgment is a legal question that an appellate court reviews de novo. *Dailey v. Miller*, 2024-Ohio-1340, ¶ 31 (11th Dist.).

{¶37} The Supreme Court of Ohio has held that "[a] judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law

Case No. 2025-T-0073

the judgment is void . . . ." *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1 (1967), paragraph one of the syllabus; *accord Dailey* at ¶ 32-33.

{¶38} Cassandra does not argue on appeal, nor did she argue in the trial court, that the Florida court lacked personal or subject matter jurisdiction under Florida law. Consequently, there is no basis to find that the Florida court lacked such jurisdiction or that the Florida judgment is void.[2]

{¶39} Cassandra cites the First District's decision in *Henry Contrs., Inc. v. Heidlage*, 2025-Ohio-5832 (1st Dist.), in support of her argument that her Ohio complaint was not a collateral attack. In that case, a Kentucky court issued a divorce decree that ended the parties' marriage and incorporated a separation agreement. *Id*. at ¶ 1. Several months later, the husband learned that the wife had misappropriated more than $400,000 from his company. *Id*. at ¶ 1-2. The company filed suit against the wife in Ohio to recover the misappropriated funds. *Id*. at ¶ 2.

{¶40} The First District determined that the company's pre-decree claims constituted impermissible collateral attacks. *Id*. at ¶ 25 The court reasoned that the Kentucky judgment rendered the company's assets marital property, making the money that the wife misappropriated also marital assets. *Id*. According to the court, "[a]n Ohio court reevaluating the Kentucky court's division of marital assets is an impermissible collateral attack on the Decree." *Id*. In addition, the Kentucky judgment contemplated future action through the Kentucky court if either spouse discovered that the other had

---

2. The record affirmatively demonstrates that the Florida court had at least subject-matter jurisdiction. Florida law provides that a "trial court has subject matter jurisdiction over a dissolution proceeding so long as one party resides in Florida for at least six months preceding the filing of the petition." *Hamilton v. Michieli*, 954 So.2d 739 (Fla.App. 2007). "Under [Florida Statutes] section 61.052(2), a Florida driver's license or Florida voter registration is corroborative evidence of residency." *Orbe v. Orbe*, 651 So.2d 1295, 1297-1298 (Fla.App. 1995). The Florida judgment provides that William was a resident of Florida for more than six months and that he produced a valid Florida driver's license to corroborate his residency.

Case No. 2025-T-0073

concealed assets. *Id*. at ¶ 26. By contrast, the First District found that the company's post-decree claims were not collateral attacks because the Kentucky judgment did not divide or distribute those assets. *Id*. at ¶ 31.

{¶41} Cassandra argues that William's alleged fraud was not discovered until January 2021, which was after the Florida judgment was filed. Therefore, unlike in *Henry Contrs.*, her claims "did not accrue until she discovered, or through the exercise of reasonable diligence should have discovered the fraud." However, the appellate court's distinction regarding pre- and post-decree claims in *Henry Contrs.* involved when the wife's wrongful conduct occurred, not when the company's civil claims against the wife accrued. Therefore, *Henry Contrs.* does not support Cassandra's position.

{¶42} Alternatively, Cassandra argues that, unlike the agreement in *Henry Contrs.*, the parties' marital settlement agreement does not expressly provide a prospective remedy for a spouse's nondisclosure of assets. We disagree. The Florida judgment provides that the Florida court "retains jurisdiction over the parties and the subject matter hereof, to enforce the provisions of the parties' Marital Settlement Agreement and Parenting Plan, to enforce its Final Judgment, and *for all purposes provided by law*." (Emphasis added.) Florida Family Law Rule of Procedure 12.540(b) imposes "no time limit for motions [for relief from judgments or orders] based on fraudulent financial affidavits in marital or paternity cases." Therefore, Cassandra's potential remedy lies in Florida court under Florida law.

{¶43} In sum, Ohio law precluded Cassandra's collateral attack on the Florida judgment. Therefore, the trial court did not err in dismissing Cassandra's complaint for lack of subject matter jurisdiction. *See Salyer v. Epilion*, 2009-Ohio-1623, ¶ 27 (4th Dist.).

Case No. 2025-T-0073

Accordingly, Cassandra's sole assignment of error is without merit, and the trial court's judgment filed on September 16, 2025, is affirmed.

**Motion for Sanctions**

{¶44} William raises the following cross-assignment of error: "The trial court erred in failing to grant sanctions against Appellant Cassandra Fusco."

{¶45} William argues that by filing her Ohio complaint, Cassandra engaged in frivolous conduct under R.C. 2323.51(B) and Civ.R. 11. We review the trial court's decision on a motion for sanctions under an abuse-of-discretion standard. *State ex rel. Striker v. Cline*, 2011-Ohio-5350, ¶ 11.

{¶46} The trial court denied William's motion for sanctions without holding a hearing in a single-line judgment entry that states: "This came upon the Court on [William's] Motion for Sanctions   The Court does not find the motion well taken and therefore denies the same." Ohio courts have held that a trial court abuses its discretion when it "arbitrarily" denies a request for sanctions. *Grimes v. Oviatt*, 2017-Ohio-1174, ¶ 28 (8th Dist.); *Polk v. Spirit Homecare, Inc.*, 2012-Ohio-4948, ¶ 6 (1st Dist.). "An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct, and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing." *Grimes* at ¶ 28. "Similarly, if an arguable basis exists for an award of sanctions under Civ.R. 11, a trial court must hold a hearing on the motion." *Id.*

{¶47} The record before us indicates that Cassandra may have engaged in sanctionable conduct based on her filing of an Ohio civil complaint that was barred under well-established precedent from the Supreme Court of Ohio. However, the trial court's reasons for denying William's motion are unclear. The trial court should have at least

Case No. 2025-T-0073

held a hearing on William's motion.  Accordingly, William's sole cross-assignment of error is sustained.  The trial court's judgment filed on October 6, 2025, is reversed, and this matter is remanded for further proceedings.

{¶48}  For the foregoing reasons, the trial court's judgment filed on September 16, 2025, is affirmed; the trial court's judgment filed on October 6, 2025, is reversed; and this matter is remanded for further proceedings.

ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0073

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the trial court's judgment filed on September 16, 2025, is affirmed; the trial court's judgment filed on October 6, 2025, is reversed; and this matter is remanded for further proceedings.

Costs to be taxed against Appellant/Cross-Appellee.


_____
JUDGE JOHN J. EKLUND


_____
JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE SCOTT LYNCH,
concurs


**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0073